IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXIS V. AUSTIN            :

                         :

   v.                       : Civil Action No. DKC 14-2426

                         :

EUGENE FORD, SR.            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is an unopposed motion to dismiss filed by Defendant Eugene Ford, Sr. (ECF No. 10). According to the complaint, Plaintiff, an African American female, was employed by Community Services Foundation until her termination in June 2009. (ECF No. 1 ¶¶ 1, 4). Plaintiff believes that Mr. Ford terminated her because of her religion and failure to attend "Angela Bowen's Church." (*Id.* ¶ 1). Plaintiff asserts that her supervisor treated her differently from similarly situated employees, although she provides no additional details to support this allegation. Furthermore, Plaintiff contends that Community Service Foundation discriminated against her by "denying her [a] reasonable accommodation for her stress" in violation of the Rehabilitation Act. (*Id.* ¶ 16).

On July 30, 2014, Plaintiff, proceeding *pro se*, filed a complaint against Eugene Ford, Sr. – the purported owner of

Community Service Foundation - asserting claims for religious discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*. Plaintiff also asserts a failure to accommodate claim under the Rehabilitation Act, although nowhere in the complaint does she identify a disability that substantially limits one or more of her major life activities or the accommodation requested. Defendant moved to dismiss on October 31, 2014. (ECF No. 10). Defendant contends, *inter alia*, that: (1) there is no basis for imposing liability on Mr. Ford individually; and (2) the complaint fails to state a viable claim.  Plaintiff was provided with a *Roseboro* notice (ECF No. 11), which advised her of the pendency of the motion to dismiss and her entitlement to respond within seventeen (17) days from the date of the letter. *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). To date, Plaintiff has not filed an opposition to the motion, and the time for her to do so has long expired. *See* Local Rule 105.2(a).

Because Plaintiff failed to file an opposition to the motion, the undersigned has the discretion to dismiss the case without reaching the merits.  Judge Hollander dismissed the complaint in *White v. Wal Mart Stores, Inc.*, Civil Action No.

ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where a *pro se* plaintiff failed to oppose defendant's motion to dismiss.  Judge Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion.  *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim.").

Although the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," this is not the case here.  *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)).  Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute."  *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant.").  There is no obvious lack of

3

merit in Defendant's motion given the allegations contained in Plaintiff's complaint.

Accordingly, Defendant's motion to dismiss will be granted. A separate order will follow.

                                                                      /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge